

**SO ORDERED,**

**Judge Katharine M. Samson**
**United States Bankruptcy Judge**
**Date Signed: July 28, 2025**

**The Order of the Court is set forth below. The docket reflects the date entered.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| In re:    **KIMMIE DENISE MCCLENDON,**<br>              Debtor | Case No. 23−51460−KMS<br>Chapter 13 |

| | |
|---|---|
| **KIMMIE DENISE MCCLENDON** | **PLAINTIFF** |
| v. | Adv. Proc. No. 23−06040−KMS |
| **U.S. DEPARTMENT OF EDUCATION** | **DEFENDANT** |

### CONSENT JUDGMENT

Plaintiff-Debtor Kimmie Denise McClendon and Defendant United States of America, on behalf of the Department of Education, ("Defendant" or "Dept. of Education") (collectively, "the Parties") stipulate as to dischargeability of a portion of Plaintiff's student loan debt:

1. Plaintiff-Debtor commenced this adversary proceeding under Fed. R. Bankr. P. 7001(6) against the Dept. of Education seeking to discharge Plaintiff-Debtor's educational loan debt under 11 U.S.C. § 523(a)(8).

2. As of April 7, 2023, Plaintiff-Debtor owed approximately $130,327.97 to the Dept. of Education, which represents the sum of the balance of Plaintiff-Debtor's student loans (National Student Loan Data System ("NSLDS") Loans 23 and 24).

3. The Parties agree that the Dept. of Education-held student loans constitute student loans made to Plaintiff under a program funded in whole or in part by a federal government unit within the meaning of 11 U.S.C. § 523(a)(8).

4. Plaintiff-Debtor alleges that repayment of the Education-held student loans would cause an undue hardship.

5. Upon review of documents, information, and facts that Plaintiff-Debtor attested to, Dept. of Education determined that Plaintiff-Debtor satisfies the criteria for a partial discharge due to an "undue hardship" under 11 U.S.C. § 523(a)(8) for that portion of her student loans represented by NSLDS Loan 24 based on Plaintiff-Debtor's current and future financial condition. Plaintiff-Debtor, if forced to repay the entire student loan debt would have insufficient monthly income to make her payment as required, evidencing that Plaintiff-Debtor cannot maintain a minimal standard of living for herself and her dependents if forced to repay her Education-held student loans. Plaintiff-Debtor's current inability to pay the Education-held student loans will likely persist for a significant portion of the repayment period. Plaintiff-Debtor has made good faith efforts to repay her Education-held Student Loans.

6. In order to resolve this matter without the need for further litigation, the Parties agree that Plaintiff-Debtor should be entitled to a partial discharge of her Education-held student loans pursuant to 11 U.S.C. § 523(a)(8) and, therefore, have agreed to enter into this Consent Judgment under the following terms:

   a. The portion of Plaintiff-Debtor's Dept. of Education-held student loans represented by NSLDS Loan 24 and totaling $99,664.17 as of April 7, 2023, is discharged pursuant to 11 U.S.C. §§ 523(a)(8), 346(j) and §727.

   b. The portion of Plaintiff-Debtor's Education-held student loans represented by her NSLDS Loan 23 totaling $30,665.42 as of April 7, 2023, is not dischargeable under 11 U.S.C. §§ 523(a)(8).

c. Upon entry of this Consent Judgment, each party will bear their own costs and fees, including attorney's fees.

d. Upon entry of this Consent Judgment, Plaintiff-Debtor releases, remises, and forever discharges the United States of America, its agencies, agents, officers, and employees, past and present, and the Dept. of Education, from all claims or causes of action (including administrative claims) which Plaintiff-Debtor, her heirs, agents, assigns, representatives, and successors ever had, now have, or hereafter may have against Defendant, its agencies, agents, officers, and employees, past and present, in relation to the partial discharge of the Dept. of Education-held student loans, all except for obligations arising under this Consent Judgment.

e. Any and all individual taxation consequences as a result of this Consent Judgment are the sole and exclusive responsibility of Plaintiff-Debtor. Dept. of Education does not warrant or make any representation with respect to any tax consequences of this Consent Judgment. Nothing contained herein shall constitute a waiver by Plaintiff-Debtor of any right to challenge any tax consequences of this Consent Judgment.

f. This Consent Judgment contains all the terms of the agreement between the Parties and is intended to be and is the final and sole agreement between the Parties. The Parties agree that any other prior or contemporaneous representations or understandings not explicitly contained herein, whether written or oral, are of no further legal or equitable force or effect.

g. The Parties represent and warrant that they have reviewed and understand the Consent Judgment and its contents. The Parties further represent and warrant that each has the power to execute, deliver, and perform their obligations under this Consent Judgment; that each has taken all necessary action to authorize the execution, delivery, and performance of this Consent Judgment; and that this Consent Judgment is enforceable in accordance with its terms.

Now, therefore, upon consideration of the Complaint, the Stipulation of Partial Discharge previously filed with the Court, and the consent of the Parties as evidenced by the endorsements below, it is hereby

**ORDERED**, **ADJUDGED, and DECREED,** that, pursuant to 11 U.S.C. § 523(a)(8), the portion of Plaintiff-Debtor's Education-held student loan notated as Loan No. 24 is hereby **DISCHARGED.**

**IT IS FURTHER ORDERED** that Plaintiff-Debtor's Education-held student loan notated as Loan No. 23 is **NON-DISCHARGEABLE.**

##END OF ORDER##

Submitted By:

Respectfully submitted,

                **U.S. Department of Education,** *Defendant*

                PATRICK LEMON
                ACTING UNITED STATES ATTORNEY FOR THE
                SOUTHERN DISTRICT OF MISSISSIPPI

By:   *s/ James E. Graves, III*
        James E. Graves, III (MS Bar No. 102252)
        Assistant United States Attorney
        Southern District of Mississippi
        501 E. Court Street, Suite 4.430
        Jackson, Mississippi 39201
        (601) 965-4480 (Phone)
        (601) 965-4032 (Fax)
        *james.graves@usdoj.gov*

                **Kimmie Denise McClendon,** *Plaintiff*

By:   */s/Thomas C. Rollins, Jr.*
        Thomas C. Rollins, Jr.
        The Rollins Law Firm, PLLC
        P.O. Box 13767
        Jackson, MS 39236
        601-500-5533
        *trollins@therollinsfirm.com*